IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL RAY HERMAN,

        Plaintiff,                        No. CIV S-08-0526 MCE KJM P

    vs.

A. DAVID, et al.,

        Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that he was given a single dose of another inmate's insulin and, as a result, has suffered joint pain and other ill effects. He does not allege that this action violated his rights; such a claim would not state an Eighth Amendment violation. Davila v. Secure Pharmacy Plus, 329 F.Supp.2d 311, 316 (D. Conn. 2004) (no Eighth Amendment deliberate indifference when defendant provided wrong medication to plaintiff); compare Lair v.

2

1  Oglesby, 859 F.2d 605, 606 (8th Cir. 1988) (Eighth Amendment deliberate indifference may be
2  shown by continued administration of drug that caused allergic reaction).  Nor does he allege
3  that he has been denied medical treatment for the after-effects of the single incorrect dose of
4  medication.
5         Plaintiff filed a grievance after this incident and it is the defendants' refusal to
6  process this grievance in a way plaintiff deems proper that forms the basis of this complaint.
7  However,  a prisoner has no constitutional right to a prison grievance procedure.  Mann v.
8  Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Because inmates do not have a substantive right to
9  prison grievance procedures, the failure of prison officials to comply with those procedures is
10 not actionable under § 1983.  Accordingly, this action is frivolous.
11        IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous.
12        These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
14 days after being served with these findings and recommendations, plaintiff may file written
15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
18 F.2d 1153 (9th Cir. 1991).
19 DATED:   May 22, 2008.

_____
U.S. MAGISTRATE JUDGE

2
herm0525.56